UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASF3, INC. d/b/a EASY SHOP
PARTY STORE,

        Plaintiff,                      Case No. 14-13444

v.                                         Paul D. Borman
                                                 United States District Judge

UNITED STATES,

        Defendant.
_____/

OPINION AND ORDER
(1) CONVERTING DEFENDANT'S FED. R. CIV. P. 12(c) MOTION TO A FED. R. CIV. P.
56 MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 12(d);
(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 10)

Before the Court is Defendant the United States' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c). (ECF No. 10.) Plaintiff filed a Response (ECF No. 11) and Defendant filed a Reply (ECF No. 14). The Court held a hearing on August 13, 2015. For the reasons that follow, the Court CONVERTS the motion for judgment on the pleadings to one for summary judgment pursuant to Fed. R. Civ. P. 12(d), GRANTS the motion and DISMISSES Plaintiff's Complaint.[1]

---

[1] The Court may consider public records and other facts capable of being judicially noticed without converting a motion to dismiss to one for summary judgment. *New England Health Care Employee Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). The Court may take judicial notice of an administrative record without converting a motion into one for summary judgment." *Allen v. Shawney*, No. 11-10942, 2013 WL 2480658, at *12 (E.D. Mich. June 10, 2013) (quotation marks and citation omitted) (alteration in original). In this case, because Plaintiff has submitted exhibits and matters that are outside the administrative record and are not attached to or referred to in the Complaint, the Court must convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If on a motion under Rule 12(b)(6) or 12(c), matters outside

**INTRODUCTION**

Plaintiff ASF3, Inc. d/b/a Easy Shop Party Store ("Easy Shop" or "ASF3"), filed this action seeking judicial review of the administrative decision of the Food and Nutrition Service ("FNS") of the United States Department of Agriculture, permanently denying Plaintiff's application to participate in the Supplemental Nutrition Assistance Program ("SNAP"), sometimes colloquially referred to as "the food stamp program." The Food Stamp Act of 1964, 7 U.S.C. § 2011 *et seq.*, provides for a trial *de novo* of the FNS decision in this Court: "If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business . . . . The suit . . . shall be a trial de novo by the court . . . ." 7 U.S.C. § 2023(a)(13)(15).

The government moves for judgment in its favor, based upon its assertion that Abdullah Farah ("Farah"), the owner and sole shareholder of Easy Shop, provided false information on his application to participate in the SNAP program regarding the involvement with Easy Shop of a

---

the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

"Whether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case. Where one party is likely to be surprised by the proceedings, notice is required." *Salehpour v. University of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998) (citing *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir.1975)).

By submitting matters outside the pleadings, and urging the Court to rely on matters outside the pleadings and outside the administrative record in ruling on Defendant's motion, Plaintiff cannot claim surprise at the Court's decision to convert the motion to one for summary judgment. *See James v. Ann Arbor Public Schools*, No. 09-11230, 2010 WL 3084335, at *3 (July 15, 2010), *adopted by* 2010 WL 3083897 (E.D. Mich. Aug. 5, 2010) (converting motion to dismiss for failure to exhaust administrative remedies to motion for summary judgment where both parties submitted, and the court considered, matters outside the pleadings) (Hluchaniuk, MJ).

person who had been permanently disqualified from participating in SNAP. Specifically, the government asserts that the FNS correctly determined that Farah failed to disclose, in response to specific questions on the SNAP application that sought such information, that his mother, Nadira Kharoubeh ("Kharoubeh"), who had previously been permanently disqualified from participating in SNAP for trafficking in food stamps, was financially and/or operationally involved in the Easy Shop. Accordingly, the government contends that it is entitled to judgment as a matter of law based upon the undisputed fact that Farah provided false information on his SNAP application, which required FNS to deny his application under the applicable SNAP provisions.

Farah responds that he did not give false information on his SNAP application because his mother is not and has never been an officer, director, owner or manager of Easy Shop and has no financial or operational control over the Easy Shop. Thus, Farah argues, he was not required to disclose her past disqualification from the SNAP program or her involvement with Easy Shop and therefore did not provide false information on his SNAP application. In support of his response, Farah offers his own affidavit and additional materials that were not a part of the administrative record, which the Court has considered under the *de novo* standard of review applicable to judicial review of Plaintiff's permanent denial from participation in the SNAP program.

I.    BACKGROUND

On June 18, 2014, the FNS permanently denied the Easy Shop's application to participate in SNAP. (ECF No. 10, Def.'s Mot. Ex. A, June 18, 2014 Denial Letter.) The denial letter stated in pertinent part:

> FNS has determined that Nadira Kharoubeh was Permanently Disqualified from participating in SNAP for violations at Price Market Food Market Inc., FNS [redacted] located at 2502 Dupont Street, Flint, Michigan 48504-2873, effective 6/8/1995.

3

> FNS has determined that you have a family, financial and business relationship with Nadira Kharoubeh; therefore, per SNAP regulations at 278.1(k)(3) "The firm has been found to lack the necessary business integrity and reputation to further the purposes of the program."
>
> Per SNAP regulations at 278.1(k)(3)(iv), "Firms for which evidence exists of prior Food Stamp Program violations by owners, officers or managers of the firm for which a sanction has not been previously imposed and satisfied . . . shall be denied for a period of time equivalent to the appropriate disqualification period for such previous violations. . . ."
>
> As the current ownership of Price Mart Food Market Inc., is serving a Permanent Disqualification from SNAP, Easy Shop Party Store, FNS is permanently denied.

Def.'s Mot. Ex. A.

On June 26, 2014, Farah, through counsel, submitted an appeal of the June 14, 2014 permanent denial of SNAP application requesting administrative review, which was granted. (Def.'s Mot. Ex. G, Aug. 8, 2014 Final Agency Decision at 2.)  In the administrative review process, the FNS "assumes the responsibility of establishing a sufficient factual record to prove or disprove the allegations of the appeal." *Id*. at 2.  That record is then "reviewed in light of the evidentiary standards and analytical frameworks established by the various courts of law." *Id*.

Based on its review of the decision to permanently deny Easy Shop's SNAP application, the FNS Administrative Review found sufficient evidence to support the permanent denial of Easy Shop's SNAP application. *Id*. at 5.  The FNS Administrative review relied on the following evidence:

- Several documents verifying that Farah is the sole shareholder of ASF3, including Articles of Incorporation, proof of purchase of business license, licenses issued to ASF3 and a notarized affidavit from Farah affirming that he is the sole incorporator and shareholder of ASF3;

- Acknowledgment that Farah and/or Easy Shop had no involvement whatsoever regarding the FNS decision of June 8, 1995 permanently disqualifying Nadira Kharoubeh and Price Mart Food Market Inc. from

4

      participating in the SNAP program;

- The May 23, 2014 notarized Affidavit of Farah submitted in support of his application in which Farah answered NO to the following question: "Persons who were owners or managers of any store that has been permanently disqualified from a SNAP or WIC are financially involved or have operational interest in this store."

- A five year Real Property Lease Agreement dated September 6, 2013, signed by Nadira Kharoubeh as President of Kharoubeh Investment, Inc. and Abdullah Farah as President of ASF3, Inc. affirming a June 16, 2014 statement by Farah that Ms. Kharoubeh is the owner of the property on which ASF3 is located and operates.

- A Business/Organization Account Signature Card from ASF3's bank recording a modification completed on June 5, 2013 indicating that ASF3's corporate checking account includes as signatories Abdullah Farah and Nadira Kharoubeh and includes the signature of Kharoubeh as "the duly appointed Secretary of the ASF3 Inc."

Def.'s Mot. Ex. G, Final Agency Decision 4.

      The Administrative Review Officer applied the following relevant statutory provisions from the controlling statute, 7 U.S.C. § 2021, and related Federal Regulations:

- 7 U.S.C. § 2021(a)(1)(A) and (b)(1)(4): An approved retail food store or wholesale food concern that violates a provision of this chapter or a regulation under this chapter may be . . . disqualified for a specified period of time from further participation in the supplemental nutrition assistance program . . . for a reasonable period of time to be determined by the Secretary, including permanent disqualification, on the knowing submission of an application for the approval or reauthorization to accept and redeem coupons that contains false information about a substantive matter that was a part of the application.

- 7 C.F.R. § 278.6(e)(1)(iii)(A), (F): The FNS regional office shall . . . Disqualify a firm permanently if . . . It is determined that personnel of the firm knowingly submitted information on the application that contains false information of a substantive nature that could affect the eligibility of the firm for authorization in the program, such as, but not limited to, information related to: (A) Eligibility requirements under § 278.1(b), (c), (d), (e), (f), (g) and (h) . . .(F) Ownership of the firm.

5

- 7 C.F.R. § 278.1(k)(3)(iv): FNS shall deny the application of any firm if it determines that . . . The firm has been found to lack the necessary business integrity and reputation to further the purposes of the program. Such firms shall be denied authorization in the program for the following period of time: . . . Firms for which evidence exists of prior Food Stamp Program violations by owners, officers, or managers of the firm for which a sanction had not been previously imposed and satisfied shall be denied for a period of time equivalent to the appropriate disqualification period for such previous violations, effective from the date of denial.

Def.'s Mot. Ex. G, Final Agency Decision 2-3.

From this evidence, and analyzing the facts under these legal parameters, the Administrative Review Officer concluded as follows:

> The administrative record clearly indicates that Abdullah Farah has reported that Nadira Kharoubeh is his mother; documentation indicates that Abdullah Farah and Nadira Kharoubeh share a business relationship as lessee and lessor of the property on which Easy Shop Party Store reports to be operating; and, most significantly, documentation is on record that Nadira Kharoubeh is a signatory on the business checking account of ASF3, Inc. affirming a financial relationship with Easy Shop Party Store. Therefore, the notarized affidavit provided by Abdullah Farah to FNS dated May 23, 2014 includes misinformation in response to question 4 regarding financial involvement and operational interest in Easy Shop Party Store by a person who is an owner of a permanently disqualified SNAP retailer, specifically Nadira Kharoubeh. Further, the June 27, 2013 notarized affidavit provided by Abdullah S Farah on request for appeal also includes misinformation in declaring "That at no time has Nadira Kharoubeh been a shareholder, director, officer, owner, manager, agent and/or employee of ASF3 Inc. The submission of affidavits containing misinformation support the determination of the Retailer Operations that the owner of Easy Party Shop Party Store, Abdullah Farah, lacks the necessary integrity to support authorization of Easy Shop Party Store as a SNAP retailer.

*Id*. at 5. 9.

In reaching her conclusion, the Administrative Review Officer acknowledged that Farah was the sole owner and shareholder of Easy Food Shop and that Farah had not been involved in the June 8, 1995 permanent disqualification of his mother and the Price Mart Food Market. The Administrative Review Officer concluded, however, that this was no basis to reverse the permanent

denial of Easy Food Shop's application because: (1) documentation clearly indicated that Farah's mother was the Secretary of Easy Food Shop and (2) Farah's mother was a signatory of the Easy Party Shop corporate checking account. *Id*. at 4. She found the second factor, that Kharoubeh had signatory authority on the Easy Party Shop corporate checking account, to be the "most significant" factor in her decision.

## II.  STANDARD OF REVIEW

### A.  Judgment on the Pleadings

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same . . . ." *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007). The Sixth Circuit has defined the pleading requirements necessary to withstand a challenge under Rule 12(c):

> We recently explained the pleading requirements that are necessary to survive a Rule 12(c) motion:
>
>> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id*. at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the

7

> grounds upon which it rests.'" *Id*. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id*. (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12. *Sensations, Inc*., 526 F.3d at 295-96 (footnote omitted).

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (quoting *Sensations,* 526 F.3d at 295 (6th Cir. 2008)).

When reviewing a motion to dismiss under Rule 12(b)(6), and therefore under Rule 12(c), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter,

8

> accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

In ruling on a motion for judgment on the pleadings, as with a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims and (2) matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Courts may consider "letter decisions of governmental agencies." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (abrogated on other grounds *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)); *Thomas v. Noder-Love*, __F. App'x__, 2015 WL 4385284, at *3 (6th Cir. 2015) (observing that letter decisions of federal agencies may typically be considered on a motion to dismiss without converting the motion to one for summary

judgment) (citing *Jackson*, *supra*).

Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

"If, on a motion under . . . Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

### B. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may file a motion for summary judgment "at any time until 30 days after the close of all discovery," unless a different time is set by local rule or court order. Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. *See also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 324. "The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. The plaintiff must present more than a mere scintilla of the evidence. To support his or her position, he or she must present evidence on which the trier of fact could find for the plaintiff."

11

*Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal quotation marks and citations omitted).  In doing so, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact.  *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).  "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial. . . . In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)).  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 477 U.S. at 323-34.

### C. Judicial Review of the Administrative Ruling of the FNS

The standard for judicial review over the FNS administrative decision denying an application to participate in SNAP is found in the Food Stamp Act, 7 U.S.C. § 2023(a), which provides in relevant part:

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business . . . .

> \*          \*          \*

> The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue . . . .

> \*          \*          \*

> If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence.

7 U.S.C. § 2023(a)(13), (15), (16).

"In providing for a trial de novo upon court review of disqualification determinations, Congress intended a broader scope of review than that permitted under the general provisions of the Administrative Procedures Act." *Saunders v. United States*, 507 F.2d 33, 36 (6th Cir. 1974). The district court is required to reexamine "the entire matter rather than," merely determine whether the administrative findings were "supported by substantial evidence." *Id*. "The court should make its own findings of fact based on a preponderance of the evidence and not limit itself to matters considered in the administrative proceedings." *Id*. "The burden of proof in the judicial review proceedings is upon the aggrieved store to establish the invalidity of the administrative action by a preponderance of the evidence." *Warren v. United States*, 932 F.2d 582, 586 (6th Cir. 1991). "The

trial de novo is limited to determining the validity of the administrative action; the severity of the sanction is not open to review." *Goldstein v. United States*, 9 F.3d 521, 523 (6th Cir. 1993)

### III. ANALYSIS

7 C.F.R. § 278.6(e)(1)(iii) provides that the FNS shall disqualify a firm permanently if personnel of that firm knowingly submit in connection with a SNAP application false information of a substantive nature that could affect the eligibility of the firm. The Final Agency Decision concluded that Farah had submitted false affidavit information by attesting that no one who had previously been permanently denied participation in SNAP was "financially involved or had an operational interest in Easy Party Shop" because Farah was aware at the time of his application that: (1) his mother's store had been permanently denied participation in SNAP for food stamp trafficking in 1995; (2) his mother was authorized as a signatory on the Easy Party Shop bank account, giving her unilateral power to conduct banking on behalf of Easy Party Shop; (3) his mother was the Landlord for the Easy Party Shop property; and (4) his mother had signed a bank record as Secretary of Easy Party shop.

In his May 23, 2014 Affidavit, Farah attested, among other things: (1) that there were NO persons who were financially involved or had an operational interest in Easy Party Shop who had ever been permanently disqualified from SNAP; and (2) that he was not related by birth or marriage to an owner or manager of a firm that had been disqualified from SNAP. Def.'s Mot. Ex. F, p. 9. The Affidavit that Farah signed bore the following legend just above Farah's signature:

> I acknowledge that if the Food and Nutrition Service (FNS) becomes aware that anyone involved in a previous SNAP or WIC program violation is associated with this business in any manner, FNS may institute action to permanently deny or disqualify all owners of this firm for falsification of a SNAP application.

Def.'s Mot. Ex. F p. 9.

14

There is no genuine dispute that Farah knew at the time he submitted his SNAP application that his mother had been permanently denied participation in SNAP.[2] There also is no dispute that Farah knew, at the time he submitted his SNAP application and affidavits in support: (1) that his mother was a signatory on the corporate bank account, with unilateral rights to sign checks and transact banking business on behalf of Easy Party Shop, *see* Def.'s Mot. Ex. E, Account Signature Card noting Kharoubeh as signatory and requiring the signature of only one of the two signatories to transact business; and (2) that his mother was the Landlord for the Easy Party Shop property, *see* Def.'s Mot. Ex. B, Real Property Lease. Farah *does* deny that his mother ever was (or is now) a manager, officer or owner of Easy Party Shop. Farah maintains that his mother mistakenly signed bank documents (Def.'s Mot. Ex. D, Resolution of Board of Directors of ASF3) as Easy Party Shop's Secretary and submits in support of this contention a letter (not a sworn document) from First Merit Bank acknowledging that Kharoubeh mistakenly signed as Secretary rather than as an authorized signer. *See* Pl.'s Resp. Ex. 9, Jan. 23, 2015 Letter from First Merit Bank.

---

[2] At the August 13, 2015 hearing on the Defendant's motion, counsel for Plaintiff asserted, *for the first time* since Farah was denied participation in SNAP, that Farah was not aware, at the time he submitted the SNAP application for Easy Shop, that his mother had been permanently denied participation in SNAP. Therefore, counsel argued, Farah did not provide false information on his SNAP application or his supporting affidavit because he did not know that anyone related to him, or anyone who may have had a financial or operational interest in Easy Shop, had been permanently denied participation in SNAP. This denial of awareness of his mother's previous SNAP disqualification was never made at the administrative level, was never made in this Court by way of affidavit from the Plaintiff or otherwise in a form that would be "evidence of evidentiary quality" that this Court could consider on summary judgment. After hearing counsel's late-breaking representation regarding this alleged lack of knowledge on his client's part, the Court pointed out to counsel that such a denial was not a part of the administrative record and was not included in Plaintiff's affidavit that had been filed in this Court. Counsel had no response to this failing of evidence and did not seek to supplement the record after the hearing with an affidavit from the Plaintiff or other evidence to support his remarks at oral argument. The Court is not obligated to, and will not, consider an attorney's representations as to his client's state of mind, unsupported by any affidavit or declaration from the Plaintiff himself.

Although Ms. Hazelwood's "letter" offered by Plaintiff in support of his response to Defendant's motion is not a sworn affidavit or declaration, even assuming the Court could consider it for purposes of ruling on the motion, the Court concludes that it does not create a genuine issue of material fact. Even assuming that Plaintiff's mother was never the designated corporate secretary of Easy Shop, Plaintiff concedes that he knew at the time he submitted his SNAP application that his mother was a signatory on the corporate checking account with full authority to sign checks and transact business on the Easy Shop corporate account. This was a fact that the Final Administrative Review Officer found "very significant" to the decision to affirm the denial of Plaintiff's SNAP application. The Court finds this fact very significant too and, together with the complete administrative record as supplemented in this Court, sufficient to conclude that Plaintiff has failed to carry his burden to demonstrate by a preponderance of the evidence the invalidity of the FNS denial of Plaintiff's SNAP application.

As the Sixth Circuit noted in *Warren*, *supra*, it would be inequitable to deny a license to Farah solely because his mother previously had been permanently disqualified from participation in SNAP. "The son shall not bear the iniquity of the father, neither shall the father bear the iniquity of the son: The righteousness of the righteous shall be upon him, and the wickedness of the wicked shall be upon him." *Warren*, 932 F.2d at 583 (quoting *Ezekiel*, 18:20). In this case, however, Farah is alleged to have committed some sins in his own right; specifically attesting that none of his relatives had ever been permanently denied participation in SNAP, specifically denying that anyone who had been previously permanently denied had any financial or operational involvement in Easy Party Shop, failing to disclose that a person (his mother) who had been permanently denied participation in SNAP was his landlord and failing to disclose that his mother who had permanently

16

been denied participation in SNAP, had full authority to sign checks and transact banking business on behalf of Easy Shop. It was not up to Farah to decide what information the FNS needed to know to evaluate his application. Farah was required to respond honestly to a series of questions that expressly sought to elicit the very information that Farah possessed, but failed to disclose, at the time he submitted his application.

7 C.F.R. § 278.6(e)(1)(iii) provides that the FNS shall disqualify a firm permanently if personnel of that firm knowingly submit in connection with a SNAP application false information of a substantive nature that could affect the eligibility of the firm. The Final Agency Decision concluded that Farah had submitted false affidavit information by attesting that no one who had previously been permanently denied participation in SNAP was "financially involved or had an operational interest" in Easy Shop and noted that Farah had given misinformation by declaring that his mother "had never been a shareholder, director, officer, owner, manager, agent and/or employee of ASF3 Inc." *Id*. Even absent her ostensible role as Secretary, Kharoubeh nonetheless had sufficient "financial or operational" involvement by virtue of her banking authority/agency role and her role as Easy Party Shop's landlord, to require disclosure of these facts in Farah's SNAP application. There is no mystery as to the type of relational information that the SNAP application inquiries were designed to elicit. Farah failed to honestly provide that information and his failure to do so was sufficient to support the Final Decision of the FNS to deny Easy Party Shop's application.

## IV. CONCLUSION

The Court concludes, based on the administrative record as supplemented by the evidence submitted by Plaintiff in this Court, that Plaintiff has failed to carry its burden of demonstrating, by

a preponderance of the evidence, that the decision of the FNS to deny Plaintiff's SNAP application was invalid. Accordingly, the Court GRANTS the Defendant's motion for summary judgment and DISMISSES Plaintiff's Complaint WITH PREJUDICE.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2015.

s/Deborah Tofil
Case Manager